UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOURDES ORIOL,

       Plaintiff,

-against-

RICHARD MUNOZ, et al.,

       Defendants.

1:21-CV-9377 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  By order dated November 16, 2021, and entered the next day, the Court directed the transfer of this *pro se* action to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1406(a). On November 19, 2021, Plaintiff filed a motion to "vacate order to transfer case to Eastern District." (ECF 5.) The Court liberally construes Plaintiff's motion as one for reconsideration brought under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*pro se* submissions are to be liberally construed); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The special solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's motion, the Court denies the motion.

## DISCUSSION

  The standards governing relief under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or

factual matters" that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citations omitted).

Plaintiff has failed to demonstrate in her motion that the Court overlooked any controlling decisions or factual matters with respect to determining the proper venue for this action. The Court therefore denies Plaintiff relief under Local Civil Rule 6.3.

## CONCLUSION

The Court construes Plaintiff's motion to "vacate order to transfer case to Eastern District" as a motion for reconsideration brought under Local Civil Rule 6.3. (ECF 5.) The Court denies Plaintiff's motion.

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York, in compliance with the Court's November 16, 2021 order. *See* 28 U.S.C. § 1406(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 23, 2021
           New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge