UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOURDES ORIOL,

                     Plaintiff,

-against-                                    21-CV-9377 (LTS)

RICHARD MUNOZ, et al.,                       ORDER

                     Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated November 16, 2021, and entered the next day, the Court directed the transfer of this *pro se* action to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1406(a). On November 19, 2021, before the transfer was confirmed, Plaintiff filed a motion to "vacate order to transfer case to Eastern District." (ECF 5) On November 23, 2021, the Court liberally construed Plaintiff's motion as one for reconsideration brought under Local Civil Rule 6.3, and denied the motion. That same day, the Court received an e-mail from the Eastern District of New York acknowledging receipt of the transferred case. A week later, on November 30, 2021, Plaintiff filed a second motion to vacate the transfer order, along with a declaration in support of the motion. (ECF 7-8.) For the following reasons, the Court denies Plaintiff's motion to vacate the transfer order.

## DISCUSSION

      The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's

papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Eastern District of New York on November 16, 2021, and that court confirmed receipt of the transferred case on November 23, 2021. Plaintiff filed this motion a week after the transfer was confirmed. Because this Court no longer has jurisdiction over the action, Plaintiff's motion to vacate the transfer order must be denied. The Court further notes that even if had jurisdiction to consider the motion, it would deny Plaintiff's request for the same reasons stated in the November 23, 2021 order.

## CONCLUSION

The Court denies Plaintiff's motion to vacate the transfer order (ECF 7). All other pending matters are terminated.

The Clerk of Court is directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 14, 2021
         New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge